UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL B. WILLS,

        Plaintiff,

   v.

                                      Case No. 21-cv-0455-bhl

KILOLO KIJAKAZI,

        Defendant,

## DECISION AND ORDER

        On March 13, 2023, the Court issued an Order and Judgment affirming the Acting Commissioner of the Social Security Administration's decision to deny Plaintiff Paul B. Wills' application for Disability Insurance Benefits and Supplemental Security Income. (ECF Nos. 29 & 30.) Three weeks later, Wills moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 31.) He argues that the Court misapplied Seventh Circuit law when it invoked the harmless error analysis of *Skarbek v. Barnhart*, 390 F.3d 500 (7th Cir. 2004). Because the Court does not agree with Wills' characterization of Seventh Circuit law, the motion to alter or amend the judgment will be denied.

## BACKGROUND

        In its Order affirming the Acting Commissioner's decision, the Court acknowledged that Wills had undergone dynamometer testing that showed an 80 percent grip strength reduction in his right hand and a greater than 70 percent grip strength reduction in his left. (ECF No. 29 at 4.) "The ALJ never mentioned these results." (*Id.*) The Court stated that this "could be reversible error," but ultimately found any error harmless because "the ALJ fashioned an RFC largely consistent with the opinions of state agency medical consultants Dr. Pat Chan and Dr. Mina Khorshidi" who both "opined that Wills had no handling limitations" despite his diminished grip strength. (*Id.* at 4-5.) Citing *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004), the Court therefore concluded that "grip strength 'factored indirectly into the ALJ's decision as part of the doctors' opinions.'"

**LEGAL STANDARD**

"A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 772 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Manifest error refers to the misapplication or misidentification of controlling law. *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

**ANALYSIS**

Wills argues that the Court failed to account for "critical distinction[s]" between *Skarbek* and other Seventh Circuit caselaw. (ECF No. 31 at 3.) He reads the circuit court precedent to hold: (1) *Skarbek* does not apply when an ALJ does not fully credit a physician's opinion; and (2) *Skarbek* does not apply when there is a conflict between unchallenged medical findings and a physician's opinion. Neither argument warrants reconsideration here.

Wills first claims that *Skarbek* cannot excuse the ALJ in this instance because the ALJ found the opinions of Drs. Chan and Khorshidi only "somewhat persuasive." (ECF No. 16-3 at 28.) He cites *Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012), in which the Seventh Circuit rejected the Commissioner's attempt to invoke *Skarbek* because it was "not clear from the record" that "the ALJ indirectly took obesity into account by adopting limitations suggested by physicians who were aware of or discussed [the claimant's] obesity." *Id.* The ALJ had only fully credited the opinions of two doctors, neither of whom addressed the claimant's obesity. *Id.* "Several other physicians specifically discussed [the claimant's] obesity," but the ALJ "either discounted the opinions of these physicians or never mentioned them." *Id.* The court, therefore, refused to "find harmless error." *Id.*

While *Arnett* certainly added some gloss to *Skarbek*, it did not announce anything like a per se rule forbidding application of *Skarbek's* harmless error analysis in all cases where an ALJ does not afford full persuasive credit to a physician's opinion. Indeed, it could not have done so; it was written before the Social Security Administration adopted the current regime for assessing medical opinions of record. The problem in *Arnett* was that nothing in the record indicated the ALJ had actually considered any opinion that specifically addressed the claimant's obesity. That is not an issue here. Both Drs. Chan and Khorshidi reviewed Wills' dynamometer results and concluded that he had no handling limitations. (ECF No. 16-4 at 8, 12, 34, 39.) And while the

ALJ only labeled the doctors' opinions "somewhat persuasive," it is clear that he did not disagree with their rejection of the handling limitations. (ECF No. 16-3 at 28-29) (deviating from the doctors' opinions in consideration of Wills' *postural* limitations). Thus, unlike in *Arnett*, there is no doubt here that handling limitations factored indirectly into the ALJ's decision via the opinions of Drs. Chan and Khorshidi.

Wills' other argument is that cases like *Golembiewski v. Barnhart*, 322 F.3d 912 (7th Cir. 2003) and *Godbey v. Apfel*, 238 F.3d 803 (7th Cir. 2000) prohibit the use of *Skarbek* in this instance. In *Golembiewski*, the Seventh Circuit took issue with an ALJ who did not resolve the conflict between one doctor—who opined the claimant had limited ability to bend at the waist—and another—who opined the claimant could bend at the waist for up to one-third of the working day. 322 F.3d at 917. The same basic failure to resolve conflicting medical opinions animated the decision in *Godbey*. 238 F.3d at 808. Analogizing to those cases, Wills argues that the ALJ needed to resolve the conflict between Dr. Rosteing's dynamometer test results and Drs. Chan's and Khorshidi's opinions, and because he did not do so, *Skarbek* does not apply.

Neither *Golembiewski* nor *Godbey* has anything to say about *Skarbek*; both decisions predate *Skarbek* and are, in any event, distinguishable. The ALJ in *Golembiewski* credited the opinions of two physicians but failed to resolve conflicts between them. 322 F.3d at 917. Here, the ALJ explained why he did not find Dr. Rosteing's opinion persuasive. (ECF No. 29 at 2-4.) He was, therefore, entitled to discount the part of that opinion limiting Wills' ability to "grip or grasp," so there is no conflict between that opinion and the ones Drs. Chan and Khorshidi offered. (ECF No. 16-15 at 36.) Wills tries to avoid this problem by insisting that the dynamometer results are not "opinion." (ECF No. 28 at 7.) They constitute objective medical evidence, so discrediting Dr. Rosteing does not impugn those results. Per *Skarbek*, however, the ALJ could rely on Drs. Chan's and Khorshidi's interpretation of the dynamometer testing to conclude that Wills had no handling limitations. *Godbey* does not alter this conclusion. In that case, the ALJ failed to fully discuss or even mention the reports of several doctors. *See Godbey*, 238 F.3d at 803. The reviewing court could not, therefore, track his analysis or evaluate the propriety of his rationale. *Id.* As previously stated, that is not an issue here.

Ultimately, *Skarbek* is on point. The ALJ "adopted the limitations suggested by" Drs. Chan and Khorshidi "who were aware of [Wills' dynamometer test results]," so those results "factored

indirectly into the ALJ's decision as part of the doctors' opinions." *Skarbek*, 390 F.3d at 504. The motion to alter or amend the judgment is, therefore, denied.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e), (ECF No. 31), is **DENIED**.

Dated at Milwaukee, Wisconsin on May 10, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge